**Manolito Catamisan MARTINEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71923.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Juliana L. Butler, Reeves & Associates, Pasadena, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Husband and wife Manolito and Susan Martinez seek review of the order of the Board of Immigration Appeals upholding an immigration judge's ("IJ") order denying their applications for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). Petitioners' contentions that the IJ deprived them of due process by improperly weighing evidence and misapplying the law do not state a colorable claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

Petitioners contend the IJ's conduct evinced hostility and a predisposition to deny their applications. Our review of the record, however, does not show that the IJ prejudged their case or that petitioners were denied "a full and fair hearing or a reasonable opportunity to present evidence on [their] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We also are not persuaded by petitioners' due process claim regarding alleged incompetent translation.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.